**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MOBILE SALVAGE SERVICES, LLC,

        Plaintiff,

vs.                                        Case No. 3:15-cv-141-J-34PDB

FIRSTATLANTIC BANK,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On February 6, 2015, Defendant FirstAtlantic Bank (FirstAtlantic) filed Defendant, FirstAtlantic Bank's, Notice of Removal (Doc. No. 1; Notice), removing this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. In the Notice,

FirstAtlantic asserts that "a preponderance of the evidence demonstrates Plaintiff's claim is for an amount in excess of $75,000" and "the Amended Complaint alleges that this action involves a controversy that is wholly between citizens of different states." See Notice at 2. In support of the assertion regarding diversity of citizenship, FirstAtlantic asserts that it is a "Federal Savings Association" with its home office in Duval County, Florida, such that First Atlantic is a citizen of Florida pursuant to 12 U.S.C. § 1464(x). See id. at 2-3. However, FirstAtlantic fails to identify the citizenship of Plaintiff Mobile Salvage Services, LLC (Mobile). Instead, First Atlantic cites the Amended Complaint (Doc. No. 2; Complaint), in which Mobile identifies itself as "a Georgia limited liability company with its principal place of business in East Point, Fulton County, Georgia." See id. at 2; Complaint ¶2. This allegation is insufficient to establish Mobile's citizenship.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members, be it an individual, corporation, LLC, or other entity. See id. Since Mobile is a limited liability company, FirstAtlantic must identify the citizenship of each of Mobile's members.

In light of the foregoing, the Court will give FirstAtlantic an opportunity to identify Mobile's citizenship, and that this Court may properly exercise jurisdiction over the instant action.[1]  Accordingly, it is hereby

**ORDERED**:

Defendant FirstAtlantic Bank shall have until **March 9, 2015**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.[2]

**DONE AND ORDERED** at Jacksonville, Florida on February 11, 2015.

*[signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

lc16
Copies to:

Counsel of Record

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) ; see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

[2] In the Notice, FirstAtlantic purports to have attached as Exhibit C "a true and correct copy of the SSAB Alabama payment" of $763,343.37 which seems to be at issue in this matter. Notice at 2. However, FirstAtlantic appears to have omitted this document in filing its Notice. In responding to this Order, FirstAtlantic should ensure that it has attached all of its exhibits to the Notice.